## APPEAL OF ROSHEK BROTHERS CO. AND ROSHEK REALTY CO.

Docket No. 1844.   Submitted May 1, 1925.   Decided June 30, 1925.

1. Increased depreciation allowed.

2. Balances to the credit of stockholders in the accounts of a corporation which remain in the business, evidenced by notes, bearing interest, and available for use by stockholders at all times, can not be included as a part of surplus for the purpose of computing invested capital.

*Benjamin H. Flescher, Esq.*, for the taxpayers.
*B. G. Simpich, Esq.*, for the Commissioner.

Before MARQUETTE, LANSDON, and GREEN.

This appeal is from a determination of the Commissioner asserting additional tax liability of the taxpayers for income and profits taxes for the fiscal years ended January 31, 1918, and January 31, 1919, in the amount of $9,025.13. The alleged deficiency results from adjustment of the taxpayers' depreciation reserves and the disallowance of credits to stockholders as elements of invested capital. From the oral and documentary evidence adduced at the hearing and the allegations of the petition admitted by the Commissioner, the Board makes the following

### FINDINGS OF FACT.

1. The taxpayers are Iowa corporations with their principal offices in the City of Dubuque. Roshek Brothers Co. was incorporated July 15, 1906, and is engaged in business as a wholesaler and retailer of general merchandise in Dubuque, where it conducts a department store. The Roshek Realty Co. was incorporated in 1918. Its only business is the ownership of a certain building which it leases to Roshek Brothers Co. All the issued capital stock of the taxpayers is owned in equal amounts by two brothers, J. J. Roshek and F. H. Roshek.

2. Roshek Brothers Co. owns a brick business building, finished inside with steel and wood, which it erected in 1907 on ground leased by it for a term of 25 years. The lease included a clause requiring the lessor to purchase the building at the termination of the leasehold at its salvage value as of that date. From 1907 to 1914, inclusive,

except for 1910 and 1911, the taxpayer charged off no depreciation on this building or on the furniture and fixtures used therein, but, since 1914, including the years involved in this appeal, it has charged depreciation to a depreciation reserve at the rate of 4 per cent annually on the original cost, without any regard to the value as of March 1, 1913.

3. Roshek Realty Co. owns a brick and wood building, erected in 1888, which it purchased in 1918 for capital stock issued in the amount of $80,000, which the Commissioner concedes was the actual cash value of the property when acquired. The remaining useful life of this property at the date of its acquisition, repairs duly considered, was not more than 12½ years. In its own accounting and in its income and profits-tax returns for the years involved in this appeal, the taxpayer has taken depreciation at the rate of 8 per cent per annum.

4. For many years it was the custom of Roshek Brothers Co. at the close of each fiscal year to distribute all net earnings to the individual accounts of the two stockholders on the private ledger of the corporation. The stockholders drew at will against such credits, were given notes evidencing the debts of the corporation to them, and were paid interest on the yearly balances in their favor. At the beginning of the fiscal year ended January 31, 1919, such credits amounted to approximately $100,000. On July 24, 1918, the taxpayer issued additional capital stock in the amount of $100,000, all of which was taken by the two Roshek brothers, the only stockholders as of that date, and paid for by charges against the personal credits of such stockholders on the private ledger of the corporation. In its income and profits tax returns for the fiscal years ended January 31, 1918, and January 31, 1919, the taxpayer included the amounts of the credits to stockholders, herein described, in its invested capital as surplus or undivided profits.

5. Upon auditing the income and profits-tax returns of the taxpayer for the fiscal years in question the Commissioner readjusted the depreciation reserve of the taxpayer by the addition of depreciation on the building owned by the Roshek Brothers Co. for all the years in which no depreciation had been taken by the taxpayer, and by reducing the depreciation taken by the taxpayers for the years in question from 4 per cent to 3½ per cent on such building, and on the building owned by the Roshek Realty Co. from 8 per cent to 3 per cent. The Commissioner also disallowed the inclusion of the credits to the personal accounts of the stockholders as invested capital prior to the stock issue against such accounts on July 24, 1918. As a result of these adjustments the Commissioner determined a deficiency in the amount of $9,025.13, and so notified the taxpayers in a letter mailed on November 12, 1924.

DECISION.

The determination of the Commissioner is approved in part. The deficiency should be recomputed in accordance with the following opinion. Final determination will be made on 20 days' notice, under Rule 50.

OPINION.

LANSDON: This appeal presents two issues for consideration by the Board: (1) Whether the Commissioner has erroneously adjusted depreciation on the two buildings owned by the taxpayers; and (2) whether the personal credits of stockholders on the books of the Roshek Brothers Co. were properly excluded from the computation of that taxpayer's invested capital.

The building owned by the Roshek Brothers Co. was erected on leased ground in 1907. The lease provides that on its termination, at the end of 25 years, the lessor shall purchase the building at its salvage value at that time. This provision disposes of the taxpayer's contention that it is entitled to a depreciation rate sufficiently high to extinguish the cost of the property at the termination of the lease, and reduces the problem to a simple computation of the depreciation of the taxpayer's property under the usual rules.

The taxpayer raises two objections to the Commissioner's adjustment of depreciation on the building owned by the Roshek Brothers Co. For a number of years it took no depreciation on this property. The Commissioner has held that depreciation should be computed at the regular rate on such building from the date of construction, entirely regardless of the taxpayer's contention that for several years appreciation in value resulting from the development of the neighborhood more than equaled any physical deterioration of the property. On this point the Board must sustain the Commissioner, on the authority of the *Appeal of Even Realty Co.*, 1 B. T. A. 355. In the light of the evidence the Board is of the opinion that the annual depreciation rate of 3½ per cent allowed on this building by the Commissioner is adequate, if considered in connection with the provision in the lease which assures the taxpayer the return of any unextinguished useful value at the termination of the lease.

The situation in respect to the building owned by the Roshek Realty Co. requires separate consideration. That building was erected in 1888 and became the property of the taxpayer in 1918. At the date of its acquisition, considerable amounts were spent for repairs and reconstruction; but the building is still an old structure with a useful life or not more than 12½ years from the date of its acquisition. The Board is of the opinion that the taxpayer should be allowed depreciation on this building at the rate of 8 per cent per annum.

The evidence adduced by the taxpayer in support of its contention that the personal credits to stockholders carried on the books of Roshek Brothers Co. should be included in the computation of invested capital is not persuasive. The record discloses that at the end of each business year certain portions of the profits were credited to individual accounts of the stockholders on the private ledger of the taxpayer. The stockholders drew at will against such accounts, received interest on balances due them, and accepted and held notes as evidence of their ownership of the funds which they allowed to remain in the business. The credit balances were available for the use of the stockholders at all times. The Board is of the opinion that such credit balances must be regarded as borrowed capital within the meaning of the law, and were properly excluded from invested capital by the Commissioner. *Appeals of Electrical Supply Co.*, 1 B. T. A. 658, and *Kelly-Buckley Co.*, 1 B. T. A. 1154.